No. 12,828.

CHERRINGTON *v.* BOARD OF COUNTY COMMISSIONERS OF OTERO COUNTY.

(299 Pac. 711)

Decided May 18, 1931. Rehearing denied June 1, 1931.

Mr. JOHN A. MARTIN, for plaintiff in error.

Mr. PERRY E. WILLIAMS, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE board of county commissioners of Otero county sued Virginia Cherrington, a minor, to recover $1,306.75 for hospital, surgical and medical treatment given her as an adjudged indigent minor of Otero county beginning November, 1921, and ending May, 1923. The plaintiff attached $877.80, defendant's interest as one of the heirs of the estate of Eldert V. Dusenberry, deceased, administered in Otero county. Upon a trial to the court, the attachment was sustained and judgment entered for plaintiff in the sum of $877.80, to review which defendant prosecutes this writ contending that the treatment of defendant was not authorized by statute, not necessary to the health of defendant and the claim is barred by the statute of limitation, section 6392, C. L. of 1921.

A stipulation of the facts between the parties recites that on or about November 14, 1921, defendant, being then one year of age and a resident of Otero county,

upon petition of her mother was duly committed by order of the county court of Otero county to the state home for dependent and neglected children at Denver; that at said hearing the mother and child were found to be indigent; that defendant was refused admission to the state home because she was suffering from a harelip; that the child was returned to the plaintiff and at its direction, upon recommendation of the superintendent of the state home, operated upon at the Children's Hospital in Denver; that the operation successfully removed said harelip disability and the child was thereafter legally adopted by Albert Spring and Hattie Spring, of Yuma county, during the year 1925; that it was less expensive to plaintiff board to provide surgery than to attempt to privately maintain said child during her minority; that the plaintiff authorized the necessary surgery for defendant and assumed responsibility for the expense thereof; that the amount sued for was paid by plaintiff on behalf of defendant; that said defendant is one of the heirs of the estate of Eldert V. Dusenberry, deceased, whose estate has been probated in the county court in Otero county and that as such heir she inherited the sum of $877.80 which is being held by the county court pending the outcome of this action.

Defendant claims that the surgical treatment of defendant was not authorized by section 8907, C. L. of 1921, which provides: "When any such poor person shall not have any such relations in any county in this state, as are named in the preceding sections, or such relation is not of sufficient ability, or shall fail or refuse to maintain such pauper, then the said pauper shall receive such relief as his or her case may require, out of the county treasury, in the manner hereinafter provided; if at any time the said pauper, or the person liable for the support of such pauper, as in this chapter provided, shall acquire or come into possession of property, moneys or credits in his or her own right, he or she shall be answerable to such county for the expenses of furnishing such relief;

the amount thereof to be fixed by resolution of the board of commissioners of said county, and collected by suit in any court of competent jurisdiction.'' This section must be construed as a component part of sections 8905 to 8919, C. L. of 1921, relating to paupers.

Section 8908 provides: ''When any nonresident or any other person, not coming within the definition of a pauper, shall fall sick in any county of this state, not having money or property to pay his or her board, nursing and medical attendance, * * * the county commissioners may make such · allowance for board, nursing and medical aid or burial expenses, to the person or persons entitled thereto, as they shall deem just and equitable, and order the same to be paid out of the county treasury.''

Section 8909 provides for burial of paupers at the expense of the county.

Section 8912 provides: ''If said pauper, by reason of sickness or disease, or by neglect of the county commissioners to which said county he or she belongs, or for any other sufficient cause, cannot be removed, then the county taking charge of such individual or individuals may sue for and recover from the county to which said individual or individuals belong, in any proper action, before any court having competent jurisdiction, the amount expended for and on behalf of such pauper or paupers, and in taking care of the same.''

Section 8915 authorizes the establishment of a county poor house. Section 8918 provides for the operation thereof and the appointment of ''a physician to attend upon those who may fall sick.''

In view of section 8908 specifically authorizing the expenditure of county funds for board, nursing and medical attendance for a sick nonresident, it would appear unreasonable to hold that the mandatory ''relief'' provided by section 8907 was not intended to include medical and surgical treatment for a resident pauper.

Defendant urges that the expression ''in the manner

hereinafter provided" limits the method of maintenance to section 8915 authorizing the creation of a poor house, and the manner of treatment to section 8918 authorizing the appointment of a county physician. To so hold would nullify the mandatory effect of section 8907; a county having no poor house or county physician could refuse to provide mandatory relief.

Here the county was confronted with a unique situation, a pauper baby with a harelip, rejected by the state home and a charge upon the county. The board was compelled to provide such relief as her condition required. It could have decided merely to feed and clothe the child during its minority, but in the exercise of a laudable and wise discretion and under the authority conferred by section 8907 ordered the operation which removed the child's impediment and disfiguration, and made her adoption possible. Surely she should not complain of such treatment so exceedingly beneficial to her.

Assuming, but not deciding, that the statute of limitations, section 6392, C. L. of 1921, covers a statutory action and operates against a county, the express provision of section 8907, subsequently adopted, "if at any time the said pauper * * * shall acquire or come into possession of property, moneys or credits in his or her own right, he or she shall be answerable to such county for the expenses of furnishing such relief," specifically removes the bar thereof.

Judgment affirmed.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Burke concur.